# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| SARAH COURTNEY CENTER, | No. 19-CV-0023 CJW |
| Plaintiff, | |
| vs. | **MEMORANDUM OPINION AND ORDER** |
| CARMELA DARRAH CHIAFOS, SGT. JEFF HARTWIG, NICOLE HOTZ, BRIAN FINK, UNNAMED OFFICER, and LINN COUNTY DISTRICT COURT, | |
| Defendants. | |

| | |
|---|---|
| SARAH COURTNEY CENTER, | No. 19-CV-0060 CJW |
| Plaintiff, | **MEMORANDUM OPINION AND ORDER** |
| vs. | |
| JUDGE CASEY JONES, JUDGE JON HAMMOND, JUDGE PATRICK GRADY, LINN COUNTY DISTRICT COURT, MARION IOWA POLICE DEPARTMENT, NICOLE HOTZ, BRIAN FINK, and DARRAH'S TOWING. | |
| Defendants. | |

This matter is before the Court on two pro se cases filed by plaintiff Sarah Center. In the first case, 19-CV-0023 CJW, filed January 8, 2019, plaintiff alleges various

constitutional violations and violations of the Americans with Disabilities Act arising out of an arrest for a traffic violation and the ensuing state court cases. (19-CV-0023 CJW, Doc. 1-1 at 4-5). In the second case, 19-CV-0060 CJW, plaintiff made the same allegations, but included grievances based upon later rulings in the state court cases.[1] (19-CV-0060 CJW, Doc. 1-2 at 4-5). Plaintiff also filed motions to proceed in forma pauperis in both cases. (19-CV-0023 CJW, Doc. 1 and 19-CV-0060 CJW, Doc. 1). Finally, plaintiff filed a supplement in the first case. (19-CV-0023 CJW, Doc. 3).[2]

## I.    MOTIONS TO PROCEED IN FORMA PAUPERIS

Plaintiff did not pay the two $400 filing fees and has instead filed the two motions to proceed in forma pauperis referenced above.[3] In order for a court to authorize the commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses. 28 U.S.C. § 1915(a)(1). Additionally, "[s]uch affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." *Id*. In her filings, plaintiff states she is homeless and has no income. Accordingly, her motions to proceed in forma pauperis (19-CV-0023 CJW, Doc. 1 and 19-CV-0060 CJW, Doc. 1) are **granted**. The clerk's office is directed to file the two complaints (19-CV-0023 CJW, Doc. 1-1 and 19-CV-0060 CJW, Doc. 1-2) without the prepayment of fees.

---

[1] Center filed a third complaint which is currently pending before the Court. (19-CV-0028 CJW, Doc. 4). In that case, plaintiff alleged claims arising out of the American's with Disabilities Act related to her accommodation at a shelter. In that case, the Court granted plaintiff's motion to proceed in forma pauperis and directed defendant Catholic Worker House to file an answer.

[2] The supplement and the exhibits attached to it apply to claims raised both in 19-CV-0023 CJW and 19-CV-0060 CJW.

[3] This includes the $350 filing fee set out by 28 U.S.C. § 1914(a) and the additional $50.00 administrative fee required when filing all civil actions. *See* 28 U.S.C. § 1914, *Judicial Conference Schedule of Fees*, No. 14 ("Administrative fee for filing a civil action, suit, or proceeding in a district court, $50. . .").

## II.    INITIAL REVIEW STANDARD

There is some debate about a court's ability to dismiss, preservice, a meritless case filed by a non-prisoner who is granted in forma pauperis status.  When a court allows a prisoner to proceed in forma pauperis, there is clear statutory authorization to conduct an "initial review" to see whether the claim is viable.  28 U.S.C. § 1915A.  Neither § 1915 nor § 1915A explicitly authorizes the court to conduct an initial review in non-prisoner cases.  *Johnson v. Bloomington Police*, 193 F. Supp. 3d 1020, 1023 (D. Minn. 2016) (citing *Porter v. Fox*, 99 F.3d 271, 273 (8th Cir. 1996)).  However, courts generally agree that even in the case of a non-prisoner, a court may dismiss a filing if it is clearly frivolous.  *Id*.  Frivolousness is higher standard than mere failure to state a claim under the Federal Rules of Civil Procedure.  "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Additionally, § 1915 states that a court may dismiss, at any time, an in forma pauperis case that fails to state a claim under the Federal Rules of Civil Procedure.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Benter v. Iowa, Dep't of Transp.*, 221 Fed. App'x 471 (8th Cir. 2007) (unpublished).  Accordingly, many courts rely § 1915(e)(2) to dismiss, preservice, in forma pauperis complaints that clearly fail to state a claim.

## III.    ANALYSIS

### A.    Plaintiff's Claims

The claims made by plaintiff in 19-CV-0023 CJW, Doc. No. 1-1 seem to be as follows[4]: 1) defendant Darrah's Towing towed plaintiff's car; 2) the police department defendants towed plaintiff's car; 3) the police department defendants committed crimes "because I'm deaf;" 4) the police department defendants gave plaintiff traffic citations; 5) the police department defendants threatened to use a taser on plaintiff; 6) the Linn

---

[4] Plaintiff's hand-written complaints are at times hard to read.

County District Court failed to give plaintiff notice of hearings; and 7) the Linn County District Court took away plaintiff's driver's license.

The claims made by plaintiff in 19-CV-0060 CJW, Doc. No. 1-1 seem to be as follows: 1) The police department defendants are being "brutal" to the plaintiff because she is deaf; 2) the police department defendants committed 'false arrest' against plaintiff; Judge Hammond ruled against plaintiff in state court; 3) Judge Jones also ruled against plaintiff; 4) both Judges "ignored the fact that [plaintiff] is deaf" and committed a "hate crime"; and 5) the police department defendants lied in court and intimidated the plaintiff.[5]

Finally, the overarching thread in both of plaintiff's complaints is that the Iowa state courts are violating her rights in ongoing litigation related to traffic offenses.

**B.**   ***Standards***

**1.**   ***42 U.S.C. § 1983***

Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

Section 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v.*

---

[5] In 19-CV-0060 CJW plaintiff also repeats claims from 19-CV-0023 CJW, especially related to issues discussed in the supplement (19-CV-0023 CJW, Doc. 3). Because the supplement repeats the claims from both 19-CV-0023 CJW and 19-CV-0060 CJW the Court will not analyze it as containing a separate set of claims.

4

*Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### 2. *Americans With Disabilities Act*

The Americans with Disabilities Act requires employers and others dealing with the public to provide accommodations to those with certain disabilities. To state:

> a prima facie claim under the ADA, a plaintiff must show: 1) [they are] a person with a disability as defined by statute; 2) [they are] otherwise qualified for the benefit in question; and 3) [they were] excluded from the benefit due to discrimination based upon disability. *See* 42 U.S.C. § 12131 et seq.*; see also Gorman*, 152 F.3d at 911–12; *Doe v. University of Md. Med. Sys. Corp.*, 50 F.3d 1261, 1265 (4th Cir. 1995).

*Randolph v. Rodgers*, 170 F.3d 850, 858 (8th Cir. 1999).

### C. *Discussion*

### 1. *Consolidation*

At the outset, these two actions arise out of the same set of facts and involve the same parties. Accordingly, the Court will consolidate them into one action. *See* FED. R. CIV. P. 42. The clerk's office is directed to administratively close 19-CV-0060 CJW

and file the complaint from the case (19-CV-0060 CJW, Doc. 1-2) as a supplemental complaint in 19-CV-0023 CJW. All future filings should be filed in 19-CV-0023 CJW.

### 2. Claims against Towing Defendants

Plaintiff sued both Darrah's Towing and Carmela Chiafos, the purported owner of Darrah's Towing, alleging due process violations when the towing company towed, held, and threatened to destroy her vehicle. The Eighth Circuit Court of Appeals has previously held that a towing company can be a state actor for the purposes of § 1983 litigation. *See Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007), stating, "we find that [plaintiff] has established the threshold section 1983 requirement that Insley's was acting under color of state law in towing, storing, and selling his vehicle." In this case, plaintiff is making an allegation relatively similar to the one made in *Smith*, that defendants Darrah's Towing and Chiafos are disposing of plaintiff's vehicle without authority. Accordingly, plaintiff has alleged a plausible claim against Darrah's Towing and Chiafos, which will be allowed to proceed.

### 3. Police Defendants

In both of her complaints, plaintiff makes several claims against defendants Marion, Iowa, Police Department, the "Unnamed Officer," and officers Hartwig, Hotz, and Fink. Plaintiff claims that the officers violated both the ADA and her constitutional rights.

Plaintiff's ADA claims fail because plaintiff neither alleges a particular benefit she was denied, nor does she allege – other than in a completely conclusory manner – that the officers took any particular action because she is deaf. *See Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009), stating, "the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context." Plaintiff fails to allege any action that was taken because she was deaf. Accordingly, plaintiff's ADA claims against the Marion, Iowa, Police Department, the "Unnamed Officer," and officers Hartwig, Notz, and Fink are denied and dismissed.

6

Most of plaintiff's § 1983 claims against the police department defendants are based on her allegation that the officers had her car towed, gave her traffic citations, and arrested her. However, plaintiff makes no clear connection between those actions and a denial of her civil or constitutional rights. Rather she simply makes conclusory statements such as the defendants engaged in false arrest.[6] Accordingly, those allegations are insufficient to state a plausible § 1983 claim and must be denied. *See Iqbal*, 556 U.S. at 686.

Plaintiff also alleges that the officers lied in court. However, officers testifying in court enjoy absolute immunity. *See Briscoe v. LaHue*, 460 U.S. 325, 345-46 (1983), stating:

> In short, the rationale of our prior absolute immunity cases governs the disposition of this case. In 1871, common-law immunity for witnesses was well settled. The principles set forth in *Pierson v. Ray* to protect judges and in *Imbler v. Pachtman* to protect prosecutors also apply to witnesses, who perform a somewhat different function in the trial process but whose participation in bringing the litigation to a just-or possibly unjust-conclusion is equally indispensable. Accordingly, those claims are denied.

Accordingly, plaintiff's claims related to the officers lying in court are denied.

However, plaintiff does make a sufficient allegation to sustain an excessive force claim. The Fourth Amendment's "objective reasonableness" standard applies to excessive-force claims that arise before the end of a detainee's booking process, *Davis v. White*, 794 F.3d 1008, 1011-12 (8th Cir. 2015), and to due process claims made by pretrial detainees. *Kinglsey v. Hendrickson*, 135 S. Ct. 2466, 2472-74 (2015); *Ryan v. Armstrong*, 850 F.3d 419, 427 (8th Cir. 2017) (applying *Kingsley* to an excessive force claim for pretrial detainee). "To establish a constitutional violation under the Fourth Amendment's right to be free from excessive force, the test is whether the amount of

---

[6] Rather, plaintiff only makes the conclusory statement that the actions were taken because she is deaf.

force used was objectively reasonable under the particular circumstances." *Brown v. City of Golden Valley*, 574 F.3d 491, 496 (8th Cir. 2009) (quoting *Henderson v. Munn*, 439 F.3d 497, 502 (8th Cir. 2006); and citing *Littrell v. Franklin*, 388 F.3d 578, 583 (8th Cir. 2004); *Greiner v. City of Champlin*, 27 F.3d 1346, 1354 (8th Cir. 1994)).

Plaintiff alleges that the "bald" "Unnamed Officer," along with the other officer defendants, attempted to use a taser on her after she was pulled over at "Menards." She also alleges that officers pushed and pulled her during her arrest. *See* 19-CV-0023 CJW, Doc. 3 at 7-9. Because plaintiff has alleged facts that, if true, would support a plausible claim of excessive force, and because the excessive force determination is fact intensive, plaintiff's claim against the Marion, Iowa, Police Department, the "Unnamed Officer," and officers Hartwig, Notz, and Fink will be allowed to proceed.

### 4.    *State Court Defendants*

Plaintiff sued the Linn County District Court, Judge Casey Jones, Judge Jon Hammond, and Judge Patrick Grady. To the extent plaintiff alleges that the judicial defendants violated the ADA, those claims fail for the same reasons stated above. Specifically, plaintiff alleges that judicial defendants treated her poorly because she is deaf. However, she has failed to allege a specific benefit she was denied, or that she was denied that benefit because of her disability. Accordingly, plaintiff's ADA claims against the Linn County District Court, Judge Jones, Judge Hammond, and Judge Grady are denied.

Plaintiff also sued the judicial defendants under § 1983. However, absolute judicial immunity "is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "[J]udicial immunity is not overcome by allegations of bad faith or malice...." *Id.*; *see also Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously or corruptly..."). A judge is not entitled to judicial immunity in only two sets of circumstances: (1) for nonjudicial actions, which are actions that are taken out of

the judge's judicial capacity; and (2) functions that were judicial in nature, if the actions were taken in the absence of all jurisdiction. *See Mireles*, 502 U.S. at 11-12; *see also Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) ("Judges performing judicial functions enjoy absolute immunity from . . . liability."); *Liles v. Reagan*, 804 F.2d 493, 495 (8th Cir. 1986) ("[A] judge is entitled to absolute immunity if the acts complained of were 'judicial acts' and were not taken in the 'clear absence of all jurisdiction.'" (quoting *Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978))). In determining whether an act by a judge is "judicial," courts must consider "whether the judge was interacting with the complaining party in a judicial capacity." *Liles*, 804 F.2d at 495.

In this case, all of plaintiff's claims against the judicial defendants involve traditional judicial actions, specifically related to sitting on cases brought against plaintiff and issuing rulings in those cases. There is no allegation that the judges and the Linn County District Court were acting without jurisdiction in ruling on issues related to the plaintiff. Accordingly, plaintiff's claims against the Linn County District Court, Judge Jones, Judge Hammond, and Judge Grady are denied and those defendants are hereby dismissed from this case.

### 5. *Various Abstention Doctrines*

Finally, plaintiff's overall claim is that the Iowa state courts are currently violating her rights in an ongoing case related to traffic citations. Attempting to use the Federal Court to enjoin an ongoing state court case is prohibited by a variety of doctrines.

The *Rooker-Feldman* doctrine is a jurisdictional doctrine based on the Supreme Court's decisions in *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Under the *Rooker-Feldman* doctrine, "a United States District Court has no authority to review final judgments of a state court in judicial proceedings." *Feldman*, 460 U.S. at 482.

Similarly, *Younger v. Harris*, 401 U.S. 37 (1971), instructs federal courts to abstain when certain types of "exceptional" parallel state court proceedings exist. *Sprint*

*Comm., Inc. v. Jacobs*, 571 U.S. 69 (2013). Federal court abstention is warranted when one of a few "exceptional" types of parallel pending state court proceedings exist: "state criminal proceedings, civil enforcement proceedings, and civil proceedings involving certain orders that are uniquely in furtherance of the state court's ability to perform their judicial function." *Sprint*, 571 U.S. at 588 (quotations omitted). "Abstention is appropriate in such circumstances because the prospect of undue interference with state proceedings counsels against federal relief." *Banks v. Slay*, 789 F.3d 919, 923 (8th Cir. 2015) (internal citations omitted).

The *Colorado River* doctrine:

> permits federal courts to decline to exercise jurisdiction over cases where "parallel" state court litigation is pending, meaning that there is "a substantial likelihood that the state proceeding will fully dispose of the claims presented in the federal court." *Cottrell v. Duke*, 737 F.3d 1238, 1245 (8th Cir. 2013), quoting *Fru–Con [Const. Corp. v. Controlled Air, Inc.*], 574 F.3d [527] at 535 [(8th Cir. 2009)]. This rule is based on "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." [*Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976)] (internal quotation marks and alterations omitted). Nevertheless, federal courts have a "virtually unflagging obligation … to exercise the jurisdiction given them," *id.* which "does not evaporate simply because there is a pending state court action involving the same subject matter." *Federated Rural Elec. Ins. Corp. v. Ark. Elec. Coops., Inc.*, 48 F.3d 294, 297 (8th Cir. 1995). Rather, *Colorado River* abstention is appropriate only in "exceptional circumstances" where the surrender of federal jurisdiction is supported by "the clearest of justifications." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 25–26, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). We examine six factors to determine whether exceptional circumstances exist warranting abstention: (1) whether there is a res over which one court has established jurisdiction, (2) the inconvenience of the federal forum, (3) whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed, (4) which case has priority—not necessarily which case was filed first but a greater emphasis on the relative progress made in the cases, (5) whether state or federal law

controls, especially favoring the exercise of jurisdiction where federal law controls, and (6) the adequacy of the state forum to protect the federal plaintiff's rights. *Federated Rural*, 48 F.3d at 297.

*Spectra Commc'ns Grp., LLC v. City of Cameron, Mo.*, 806 F.3d 1113, 1121 (8th Cir. 2015).

Finally, in *Heck v. Humphrey*, the Supreme Court held that:

when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. 477, 487 (1994). Even when a plaintiff demands only money damages, he cannot bring a non-habeas civil action that would call into question the lawfulness of his detention. *Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996).

Based on the forgoing, any claim brought by the plaintiff that attempts to invalidate a state court ruling relating to her traffic citations, or that attempts to supersede the ongoing state court case, is **denied**.

## IV. CONCLUSION

For the reasons set out above:

1.	Plaintiff's motions to proceed in forma pauperis (19-CV-0023 CJW, Doc. 1 and 19-CV-0060 CJW, Doc. 1) are **granted**. The clerk's office is directed to file the complaints (19-CV-0023 CJW, Doc. 1-1 and 19-CV-0060 CJW, Doc. 1-2) without the payment of fees.

2.	These cases are hereby consolidated pursuant to FED. R. CIV. P. 42(a). The clerk's office is directed to administratively close 19-CV-0060 CJW and file the complaint from that case (19-CV-0060 CJW, Doc. 1-2) as a

supplemental complaint in 19-CV-0023 CJW.[7] All future filings should be filed in 19-CV-0023 CJW.

3.      After initial review, the claims against Linn County District Court, Judge Casey Jones, Judge Jon Hammond, and Judge Patrick Grady are **denied** for failure to state a claim for which relief can be granted. Those defendants are hereby **dismissed** from the case.

4.      Plaintiff's claims related to the ongoing state court litigation are **denied**.

5.      Plaintiff's claims against the Marion, Iowa, Police Department, the "Unnamed Officer," and officers Brian Fink, Nicole Hotz, and Jeff Hartwig pursuant to the ADA are **denied and dismissed** for failing to state a claim for which relief can be granted.

6.      Plaintiff's claims against the Marion, Iowa, Police Department, the "Unnamed Officer," and officers Brian Fink, Nicole Hotz, and Jeff Hartwig pursuant to § 1983 are **denied** for failing to state a claim for which relief can be granted, except that;

7.      Plaintiff's claim against the Marion, Iowa, Police Department, the "Unnamed Officer," and officers Brian Fink, Nicole Hotz, and Jeff Hartwig related to excessive force will be allowed to proceed.

8.      Plaintiff's claim against Carmela Chiafos and Darrah's Towing will be allowed to proceed.

9.      The clerk's office is directed to serve, via certified mail, the two complaints (19-CV-0023 CJW, Doc. 1-1 and 19-CV-0060 CJW, Doc. 1-2) along with

---

[7] The unique defendants listed in 19-CV-0060 CJW should be added to the docket in 19-CV-0023 CJW.

a copy of this order and a waiver of service of summons form on defendants Marion, Iowa, Police Department, the "Unnamed Officer," and officers Brian Fink, Nicole Hotz, and Jeff Hartwig c/o the Marion, Iowa, Police Department, with a copy to the Marion, Iowa, City Attorney, 1225 6th Ave, Marion, IA 52302.[8]

10. The clerk's office is directed to serve, via certified mail, the two complaints (19-CV-0023 CJW, Doc. 1-1 and 19-CV-0060 CJW, Doc. 1-2) along with a copy of this order and a waiver of service of defendants Carmela Chiafos and Darrah's Towing, c/o Darrah's Towing.

**IT IS SO ORDERED** this 4th day of June, 2019.

_____
C.J. Williams
United States District Judge
Northern District of Iowa

---

[8] The clerk's office can include a single copy of the documents in each packet.